## TINGUARO SUGAR CO. v. KNICKER-BOCKER INS. CO. OF NEW YORK.

(District Court, S. D. New York. January 4, 1926.)

Insurance ⬤⟹500—Fire policy on growing sugar cane, with rider providing definite method for ascertaining loss, held valued policy.

Fire policy on growing cane sugar, with typewritten rider providing a defining method of ascertaining loss, on basis of cost of production, *held* a valued policy.

At Law. Action on fire insurance policy by the Tinguaro Sugar Company against the Knickerbocker Insurance Company of New York. Judgment for plaintiff on directed verdict.

The policy was a New York Standard fire policy providing:

"Does insure Tinguaro Sugar Company, and legal representatives, to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage, without allowance for any increased cost of repair or construction by reason of any ordinance or law regulating construction or repair and without compensation for loss resulting from interruption of business or manufacture."

Attached to this policy was the following typewritten rider:

"On growing sugar cane situate in Matanzas Province, Island of Cuba. This insurance to attach to an amount not exceeding $2,000 per Cab.

"It is hereby guaranteed all Cabs in Matanzas Province, Cuba, insured under this policy. * * *

"To appraise the value of Administration cane destroyed, the average actual cost of all cane cultivated by the assured will be taken as a basis—using in such calculation all actual cultivation expenses plus a reasonable percentage of all overhead expenses. The cost per unit of area having this obtained, the tonnage value of the cane burned will be calculated on the basis of the estimates made up before the crop begins of the tonnage contained in each piece or section, which information is always on file on the estate office. To arrive at the value of the cane grown by cane farmers (Colonos) the actual settlement price in paying for cane used for the month in which the fire may occur, minus the current rate paid for harvesting, shall be taken. * * *

"In case the insured elect to grind all or a portion of the burnt cane, the insurer shall be given credit for the cane so ground as follows:

"For the cane ground the first day after the fire, 95% of its original value:

| Id. | Id. | Second day | 90% |
|-----|-----|------------|-----|
| Id. | Id. | Third day | 80% |
| Id. | Id. | Fourth day | 65% |
| Id. | Id. | Fifth day | 50% |

after the fifth day, or after the cane has been raised upon, no credit will be given the insurer."

Judgment affirmed 16 F.(2d) 128.

Douglas, Armitage & McCann, of New York City, for plaintiff.

Fox & Weller, of New York City (Robert J. Fox and Robert P. Schur, both of New York City, of counsel), for defendant.

WINSLOW, District Judge. I think the insurance policy, on which this action is based is in terms a valued policy. A definite method is provided in the typewritten rider attached to the policy for ascertaining the loss. To adopt the theory of the defendant as to the manner in which the loss should be ascertained would be to disregard entirely and make nugatory the provisions of a carefully prepared contract. If the market had gone differently, the defendant probably

would have contended—and justly so—that the method provided by the typewritten words must prevail.

A verdict will be directed for the plaintiff in the sum of $19,356.44, with interest from January 24, 1922, on $14,130.44, less the amount of the interest on the tender of $5,149 made by the defendant, and interest on $5,226, the amount of loss resulting from fire on February 21, 1922, less interest on the amount tendered by the defendant of $2,216.14.